UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES LYONS,<br><br>                       Plaintiff,<br><br>-against-<br><br>YEHONOTAN SADE; VERO CAPITAL;<br>ELITE STREET CAPITAL,<br><br>                      Defendants. | 1:24-CV-8082 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Charles Lyons, of Decatur, Georgia, appears *pro se* and brings this action invoking the court's diversity jurisdiction.[1] He names as defendants: (1) Yehonatan Sade, whom he describes as a citizen of New York, and as the Chief Executive Officer of Vero Capital and/or Elite Street Capital; (2) Vero Capital, which, he alleges, is located in New York, New York; and (3) Elite Street Capital, which, he also alleges, is located in New York, New York. On October 31, 2024, the Court granted Plaintiff *in forma pauperis* ("IFP") status. (ECF 5.) For the following reasons, the Court transfers this action to the United States District Court for the Northern District of Georgia.

## DISCUSSION

The applicable venue provision for Plaintiff's claims is found at 28 U.S.C. § 1391(b). Under that provision, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in

---

[1] Plaintiff's amended complaint (ECF 7) is the operative pleading for this action.

this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

While Plaintiff does not specify where within the State of New York Sade resides, because he alleges that Vero Capital and Elite Street Capital reside in New York, New York (ECF 7, at 4),[2] within this judicial district, *see* 28 U.S.C. § 112(b), this court is a proper venue for this action under Section 1391(b)(1). In addition, because Plaintiff's claims appear to arise from the defendants' alleged breach of a contractual lease obligation to repair mold damage to real property located at 611 Ashely Lakes Drive, Peachtree Corners, Gwinnett County, Georgia (*see* ECF 7, at 5), which lies within the Northern District of Georgia, *see* 28 U.S.C. § 90(a)(2), the United States District Court for the Northern District of Georgia is also a proper venue for this action under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if a civil action is filed in a federal district court where venue is proper, a court may transfer that action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of

---

[2] Plaintiff provides the same address for all three defendants. (ECF 7, at 4.)

proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), the transfer of this action appears to be appropriate. The underlying events occurred, and the real property at issue is located, in Peachtree Corners, Gwinnett County, Georgia, within the Northern District of Georgia, and it is reasonable to expect that relevant documents and witnesses would be located in that judicial district. Thus, the United States District Court for the Northern District of Georgia appears to be a more convenient forum for this action. Accordingly, this Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Northern District of Georgia. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 4, 2024
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge